IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01117-RPM-BNB

ELIZABETH WORRELL,

Plaintiff,

v.

ACCOUNT BROKERS OF LARIMER COUNTY, INC.,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on **Plaintiff's Motion for a Hearing on the Award of Costs and Attorney Fees** [Doc. # 14, filed 7/5/2012] (the "Motion"). I respectfully RECOMMEND[1] that the Motion be GRANTED IN PART and that the plaintiff be awarded her attorneys fees and costs in the amount of $1,320.00.

The plaintiff filed her Notice of Acceptance of Defendant's Offer of Judgment [Doc. # 10, filed 6/18/2012], accepting defendant's offer to allow judgment to enter against it in the amount of $2,001.00 plus "[p]laintiff's costs and reasonable attorneys' fees . . .; said fees and costs . . . as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion. . . ." Defendant's Offer of Judgment [Doc. # 10-2] at ¶2. The parties apparently could not agree, requiring the filing of the Motion.

---

[1]Pursuant to Fed. R. Civ. P. 54(d)(2)(D), the court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive matter." Consequently, I may not proceed by order.

The Motion includes a description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and plaintiff's counsel's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

1.      **Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff's attorneys have itemized the tasks performed and the time required for each task in support of the fee claim. The itemization reflects that the attorneys claim a total of 10.1 hours.

The defendant disputes the reasonableness of the hours claimed, arguing that the time incurred prior to April 26, 2012, was incurred in defense of an underlying collection suit and not in connection with asserting claims under the FDCPA. Generally, I agree. Consequently, with respect to time billed prior to April 26, 2012, I find that only the following time was necessarily and reasonably incurred in support of the plaintiff's FDCPA claim:

- 0.5 hours on 3/22/2012 by Ms. Gookin during the initial client meeting;
- 0.2 hours on 3/22/2012 by Ms. Gookin in follow up to issues regarding FDCPA claim;
- 0.4 hours on 3/22/2012 by Ms. Gookin in conferring with co-counsel on FDCPA claim.

The remaining time either was duplicative and unnecessary (0.5 hours by Ms. Fulton in attending a meeting also attended by Ms. Gookin) or was incurred in defending the underlying collection action.

In addition, the 2.2 hours incurred by Ms. Fulton in researching and drafting the FDCPA claim were necessarily and reasonably incurred in support of the plaintiff's FDCPA claim, and plaintiff's counsel should also be awarded the 1.0 hour incurred by Ms. Gookin in preparing the Motion.

No supporting information concerning the person with the initials "MJ" has been provided, and that time should not be awarded.

Consequently, I find that the following time was necessarily and reasonably incurred by plaintiff's counsel in support of the plaintiff's FDCPA claim, and fees for that time should be awarded:

> Ms. Gookin:   1.1 hours
>
> Ms. Fulton:   3.2 hours.

**2.      Reasonable Hourly Rate**

The plaintiff claims attorneys fees at the rates of $325 per hour for Ms. Gookin and $225 per hour for Ms. Fulton.  The plaintiff bears the burden of establishing that the rates are reasonable.  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable rate is the prevailing market rate in the relevant community."  Id.

The only evidence offered in support of the claimed hourly rates is that Ms. Gookin has been licensed to practice law in Colorado for three years and has received specialized training concerning the FDCPA, and Ms. Fulton has been licensed to practice law in Colorado for ten

months and has training and experience in FDCPA matters.  By contrast, the defendant has provided the affidavit of Irvin Borenstein in which Mr. Borenstein opines that the reasonable hourly rates for lawyers with the skill and experience of Messes. Gookin and Fulton in this market are $250 and $200 respectively.  The statement of qualifications and experience provided by Messes. Gookin and Fulton is extremely terse, leading me to adopt the opinion of Mr. Borenstein as to the reasonable rates to be allowed.  A more complete statement of qualifications and experience by plaintiff's counsel might have persuaded me that higher rates were appropriate.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred by the reasonable hourly rates charged by plaintiff's counsel results in the following:

> Ms. Gookin:  1.1 hrs. x $250= $275.00
> Ms. Fulton:   3.2 hrs. x $200= $640.00
>                                            $915.00.

**3.     Costs**

The plaintiff claims costs of $405.00, and the defendant does not oppose the award of those costs.

I find that the reasonable attorneys fees and costs incurred by the plaintiff in this action are $1,320.00.

I respectfully RECOMMEND:

(1)     The Motion [Doc. # 14] be GRANTED insofar as it seeks an award of reasonable attorneys fees and costs; and

(2)     The plaintiff be awarded her reasonable and necessary attorneys fees and costs in the amount of $1,320.00.[2]

Further, IT IS ORDERED that the Motion is DENIED insofar as it requests a hearing on the issue of fees and costs to be awarded.

Dated August 10, 2012.

>                                   BY THE COURT:
>
>                                    s/ Boyd N. Boland
>                                   United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).