IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-01117-RPM-BNB

ELIZABETH WORRELL,

    Plaintiff,

v.

ACCOUNT BROKERS OF LARIMER COUNTY, INC.,

    Defendant.
_____

ORDER FOR AWARD OF ATTORNEY'S FEES AND COSTS
_____

    In this civil action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* the plaintiff alleged that the defendant collection agency attempted to collect from her an indebtedness owed by her husband for medical expenses from 2001-2008, for which a default judgment had been entered on July 29, 2009, by filing a motion in the state court to amend the complaint on February 23, 2012, to add Elizabeth Worrell as an additional defendant.  Counsel for the plaintiff here filed a motion to dismiss the amended complaint which was granted.

    The defendant, Account Brokers of Larimer County, Inc., served an offer of judgment under Rule 68, consenting to entry of judgment in the amount of $2,001 with reasonable attorney fees and costs.  Accordingly, an amended judgment was entered in this court by the Clerk on June 21, 2012.

    The plaintiff filed a motion for a hearing on the award of costs and attorney fees on July 5, 2012, and a supplemental motion on July 23, 2012.  The defendant filed a response to these motions on August 6, 2012, and on August 12, 2012, the Magistrate Judge filed a recommendation for the award of attorney's fees and costs in the total amount of $1,320.00.  That recommendation determined costs of $405.00, not opposed, and substantially reduced the

requested attorney's fees by reducing Ms. Gookin's hourly rate to $250.00 and therefore awarding $275.00 for 1.1 hours and Ms. Fulton 2.2 hours at a rate of $200.00 per hour.

The plaintiff filed a timely objection on August 24, 2012, and the defendant responded on September 14, 2012.

Upon review of the papers filed, the recommendation is rejected.  The Magistrate Judge disallowed any time for the services provided in connection with the motion to amend the judgment in the state court and found that some of the legal services provided were not necessary, including research by Ms. Fulton.  It is notable that the offer of judgment was double the statutory damages which the defendant's counsel indicates was to recognize the services in connection with the state court litigation.  The plaintiff claimed actual damages in her complaint and it would appear that if this matter had gone to trial, such damages may have been awarded.  The conduct of the debt collector in this case appears to have been particularly abusive.  While the lodestar analysis is generally applied in fee shifting statutes, it is not an exclusive approach to determining the reasonableness of the services provided and the results achieved.  The request in this case for $2,327.50 in attorney's fees is reasonable and the costs of $405.00 are not disputed.  Accordingly, it is

ORDERED that the judgment entered on June 21, 2012, will be amended to include an award of $2,327.50 in attorney's fees and $405.00 in costs, for a total of $4,733.50.

DATED: September 26th,  2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge