IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01117-RPM-BNB

ELIZABETH WORRELL,

Plaintiff,

v.

ACCOUNT BROKERS OF LARIMER COUNTY, INC.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion to Compel Garnishee to Turnover Funds** [Doc. # 28, filed 11/29/2012] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

On September 26, 2012, the Clerk of the Court entered an Amended Judgment [Doc. # 25] in favor of the plaintiff in the total amount of $4,733.50, plus post-judgment interest.  On November 13, 2012, the Clerk of the Court issued a Writ of Garnishment [Doc. # 26], apparently prepared by counsel for the plaintiff.  The Writ of Garnishment [Doc. # 26] reports a total amount due and owing on the judgment, including interest and taxable costs, of $4,789.60.  The Writ of Garnishment [Doc. # 26] contains a section which states

> Judgment Debtor's name, last known address, other identifying information: Account Brokers of Larimer County, Inc., 1417 College Avenue, Fort Collins, CO 80524--Vectra Bank of Colorado Accounty# [sic] 102003154 4080004672.

However, the Writ of Garnishment is issued in blank and does not specify the garnishee or its address.

The Writ of Garnishment was returned on November 21, 2012, together with an answer by "Vectra Bank, Legal Support, 1875 South Redwood Road, Salt Lake City, Utah." Writ of Garnishment [Doc. # 27] at p. 2. The answer shows that Vectra Bank owes the judgment debtor $4,789.60. The identity and address of the garnishee remains unspecified, however, and the Return of Service is not completed. Id.

Through the Motion, the plaintiff requests "an order compelling VECTRA BANK to turn over funds to the Plaintiff. . . ." Motion [Doc. # 28] at p. 1. The record as it currently exists is ambiguous. It appears that the Writ of Garnishment was intended to be served on "Vectra Bank of Colorado," but whether that occurred and the location of that bank is unclear because (1) the answer is executed by a Vectra Bank representative in Utah; (2) the Writ of Garnishment does not specify the garnishee upon which it was to be served or the garnishee's address; and (3) the return of service is not completed.

Section 1962, 28 U.S.C., provides in relevant part:

> Every judgment rendered by a district court within a State **shall be a lien on the property in such State** in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.

(Emphasis added.) Thus, the plaintiff may utilize Colorado procedure to execute on assets of the defendant held in Colorado.

Compliance with 28 U.S.C. § 1963 is required to execute on assets held in a different state, however. Specifically, § 1963 provides in relevant part:

2

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . .   A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Thus, the plaintiff must register her judgment in the District of Utah and proceed under applicable Utah law in order to enforce the judgment against assets located in Utah.

Even if the Writ of Garnishment made clear that the assets to be executed on are located within the State of Colorado, which it does not, the relief requested is improper. Under Fed. R. Civ. P. 69, "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located. . . ." The applicable Colorado procedure is set out in Colo. R. Civ. P. 103 Sec. 4(f), which provides:

> If the answer to the writ of garnishment shows the garnishee is indebted to such judgment debtor, the clerk shall enter judgment in favor of such judgment debtor and against the garnishee for the use of the judgment creditor for the amount of the indebtedness shown in such answer **and order such amount paid into the registry of the court**.

(Emphasis added.)

The Motion [Doc. # 28] should be denied in view of the uncertainties of the record concerning where the assets are located. In addition, even if the assets are in Colorado, the relief requested is not authorized under Colorado law.

I respectfully RECOMMEND that the Motion [Doc. # 28] be DENIED.[1]

Dated January 3, 2013.

                                                      BY THE COURT:

                                                      s/ Boyd N. Boland
                                                      United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).